ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Phoenix Data Solutions LLC ) ASBCA No. 60207
  f/k/a Aetna Government Health Plans )
)
Under Contract No. H94002-09-C-0008 )

APPEARANCES FOR THE APPELLANT:     Karen L. Manos, Esq.
    Erin N. Rankin, Esq.
      Gibson, Dunn & Crutcher LLP
      Washington, DC

APPEARANCES FOR THE GOVERNMENT:     Laurel C. Gillespie, Esq.
      Chief Trial Attorney
    John G. Terra, Esq.
    Song U. Kim, Esq.
      Trial Attorneys
      Defense Health Agency
      JBSA Fort Sam Houston, TX

## OPINION BY ADMINISTRATIVE JUDGE D'ALESSANDRIS ON MOTIONS FOR RECONSIDERATION

Pending before the Board are three motions seeking reconsideration and redaction of portions of the Board's decision in this appeal dated June 21, 2018. Appellant, Phoenix Data Solutions LLC, f/k/a Aetna Government Health Plans (AGHP), filed a "Motion for Reconsideration to Correct Clerical Mistake," and a separate "Memorandum in Support of Proposed Redactions." Respondent, the Defense Health Agency (DHA) filed a cross-motion for reconsideration.

For the reasons stated below, AGHP's motion for reconsideration to correct a clerical error is granted. AGHP's request for redactions is granted in part. DHA's motion for reconsideration is denied.

I.     Standard of Review for Motions for Reconsideration

In deciding a motion for reconsideration, we examine whether the motion is based upon newly discovered evidence, mistakes in our findings of fact, or errors of law. *Zulco International, Inc.*, ASBCA No. 55441, 08-1 BCA ¶ 33,799 at 167,319. A motion for reconsideration is not the place to present arguments previously made and rejected. "[W]here litigants have once battled for the court's decision, they should

neither be required, nor without good reason permitted, to battle for it again. Motions for reconsideration do not afford litigants the opportunity to take a 'second bite at the apple' or to advance arguments that properly should have been presented in an earlier proceeding." *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014) (citations omitted); *see also Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,137 at 176,384. We do not grant motions for reconsideration absent a compelling reason. *J.F. Taylor, Inc.*, ASBCA Nos. 56105, 56322, 12-2 BCA ¶ 35,125 at 172,453.

## II.    AGHP's Request to Correct a Clerical Error

AGHP correctly notes that the Board's opinion contains a mathematical error on page 30 of the slip opinion and that the loss percentage, correctly calculated should be 16.26 percent, rather than 17.37 percent calculated in the slip opinion. AGHP, again correctly, asserts that the total award should be revised to $11,216,011. After AGHP filed its motion, the undersigned administrative judge issued an order noting that there was a formula error in the Excel spreadsheet used to calculate the adjustment for loss, and that the spreadsheet values corresponded to amounts referenced in AGHP's motion after correcting the error. DHA does not dispute either the existence of the error or that AGHP has properly calculated the mathematical consequences of the mistake. Instead, DHA opposes AGHP's motion to correct the clerical error because it asserts that the Board has committed legal error in the method used to calculate the adjustment for loss. As AGHP has identified a true clerical error, we grant AGHP's motion.[1] *Zulco International*, 08-1 BCA ¶ 33,799 at 167,319.

## III.   AGHP's Request for Redactions

In a separate motion, AGHP requests that the name of the former DHA Chief of Staff on pages 5, 6, 10, 12, 20, 21, and 33 of the slip opinion be redacted to preserve that individual's personal privacy interests in accordance with Freedom of Information Act (FOIA) exemption 6 which protects information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). By order dated July 11, 2018, and without ruling upon the applicability of FOIA exemption 6, the undersigned administrative judge indicated a willingness to accommodate AGHP's request if the parties could agree upon alternative wording that would preserve the readability of the decision. The order proposed substituting "the former DHA Chief of Staff" in place of the individual's name. In response, the government states that it does not believe that the individual's name is required to be redacted pursuant to FOIA or Privacy Act grounds (gov't cross-mot. at 4). However,

---

[1] This appeal is subject to a protective order. Due to the request for redactions, discussed below, the slip opinion has not been distributed. The Board will issue a corrected opinion making the changes identified in AGHP's motion.

DHA indicated that, if subject to redaction, it would not oppose a change to "the former DHA Chief of Staff" and indicated that it had consulted with counsel to AGHP, and that AGHP was also amenable to such a revision (*id.* at 5).

AGHP's motion for redaction is granted in part, and the opinion will be released with the individual's name changed to read "the former DHA Chief of Staff." This modification is being made pursuant to the Board's discretion and not based upon a finding that the change was required pursuant to FOIA or the Privacy Act.

## IV. DHA's Motion For Reconsideration

In response to AGHP's motion for reconsideration to correct a clerical error, DHA filed a cross-motion regarding the calculation of the adjustment for loss. According to DHA, the Board should not fix its mathematical error because it "assumes a method for calculation of the termination settlement amount that is at odds with the binding precedent of this Board and the Federal Circuit, as well as the language of the contract at issue in this appeal" (gov't cross-mot. at 1).

According to DHA, our opinion is not in accordance with Board precedent holding that a contractor cannot recover more than its expectation damages in a termination for convenience (gov't cross-mot. at 2 (citing *SWR, Inc.*, ASBCA No. 56708, 15-1 BCA ¶ 35,832)). DHA additionally cites to *William Green Constr. Co. v. United States*, 477 F.2d 930, 936 (Ct. Cl. 1973), for the proposition that the only difference between recovery in a termination for convenience and recovery pursuant to a breach action is that the recovery in a breach action can include anticipated but unearned profits. According to DHA, AGHP was scheduled to lose $18,536,611 on the contract, and thus, the Board's award put AGHP in a better position than if it had performed the contract (gov't cross-mot. at 2-3). However, here DHA simply repeats an argument contained in its post-hearing briefs and that we have already rejected (gov't br. at 33; gov't reply br. at 9-10). *Phoenix Data Solutions LLC f/k/a Aetna Government Health Plans*, ASBCA No. 60207, slip op. at 18-19, 28 (June 21, 2018).

DHA's arguments regarding *SWR* and *William Green* (both cited and discussed in the government's opening post-hearing brief) are misplaced. *SWR* involved the application of the termination for convenience clause for commercial item contracts, not applicable here. Just as *SWR* calculated the termination settlement based upon FAR 52.212-4(l), the applicable termination clause in that appeal (*SWR*, 15-1 BCA ¶ 35,832 at 175,221-24), we calculated the termination settlement based upon FAR 52.249-2, the applicable termination clause for the terminated work in this appeal. DHA has never demonstrated that we misapplied the applicable FAR provision.

3

The Court of Claims' holding in *William Green* is similarly inapplicable. In *William Green* the contractor sought expectation damages in addition to its termination settlement proposal. The court held that the termination settlement was the contractor's sole remedy, noting that the convenience termination permits the government to terminate a contract "in exchange for the contractor being able to recover from it administratively sums the contractor may have been able to recover in a contract 'breach action,' except for profits that were anticipated and unearned." (Gov't cross-mot. at 2 (citing *William Green*, 477 F.2d at 936)). In the Board's June 21, 2018 opinion, AGHP was not awarded profits but instead had an adjustment for loss. As would have been the case with profits, the adjustment for loss was *applied* only to the work actually performed. However, as required by the FAR, the adjustment for loss was calculated based upon the loss AGHP would have incurred if the entire contract had been performed. FAR 52.249-2(g)(iii).[2]

DHA's second basis for reconsideration simply repeats its argument that the Board must harmonize the various termination for convenience clauses contained in the contract (gov't cross-mot. at 3-4; gov't br. 43-47). According to DHA, each termination clause should be applied to the contract line item numbers (CLINs) for which they were written (gov't br. at 44-45). In fact, the Board's opinion did just this and did not award any damages to AGHP for its cost-plus-fixed-fee, requirements, award-fee pool, or time-and-material CLINs. All the work AGHP performed was under firm-fixed price CLINs, and the Board awarded damages based on FAR 52.249-2, the termination for convenience provision for fixed-price contracts.

DHA alleges error in the Board's calculation of the adjustment for loss, asserting that the adjustment for loss should be calculated based *solely* on the anticipated loss on the fixed-price line items, and estimating an adjustment for loss of 62.35% (gov't br. at 45-46). However, DHA's argument ignores the plain language of the FAR providing "if it appears that the Contractor would have sustained a loss on the entire contract had it been completed, the Contracting Officer shall allow no profit under this subdivision...and shall reduce the settlement to reflect the indicated rate of loss." FAR 52.249-2(g)(iii). We interpreted "entire contract" as including all awarded line items, but not including the unexercised options. *Phoenix*, slip op. at 30-31. We

---

[2] Significantly, the FAR rule requiring that profit be calculated based upon the entire contract protects both the government and the contractor. As in this appeal, contractors can submit proposals with different expected profit percentages for different contract line items. Here, the government would have benefitted from an interpretation that based the contractor's profit only on the fixed-price line items. In other instances, the fixed-price work may have a greater expected rate of profit than the other terminated work, in which case, the FAR rule requiring calculation of profit based on the entire contract would benefit the government.

4

rejected DHA's proposed interpretation because it proposed to calculate the adjustment for loss based on only 2 of the 16 awarded CLINs, rather than the "entire contract" as required by the FAR (*id.* at 30). Nothing in DHA's repetition of its previously-rejected argument causes us to reconsider that decision.

## CONCLUSION

For the reasons stated above, AGHP's motion for reconsideration to correct a clerical error is granted, AGHP's motion for redactions is granted in part, and DHA's cross-motion for reconsideration is denied.

Dated:  October 2, 2018

DAVID D'ALESSANDRIS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60207, Appeal of Phoenix Data Solutions LLC f/k/a Aetna Government Health Plans, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5